## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 16 2016, 8:50 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joshua Johnson, *Appellant-Defendant,* | March 16, 2016 |
| | Court of Appeals Case No. 08A02-1507-CR-884 |
| v. | Appeal from the Carroll Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Kurtis G. Fouts, Judge |
| | Trial Court Cause No. 08D01-1501-CM-9 |

**Baker, Judge.**

[1] Joshua Johnson appeals his conviction for Theft, a class A misdemeanor,[1] arguing that there is insufficient evidence supporting the conviction. Finding the evidence sufficient, we affirm.

# Facts

[2] On January 11, 2015, Joshua Johnson went to a supermarket in Delphi. He placed an order at the deli counter for a chicken breast and three chicken legs. Two price stickers were generated, one for the breast and another for the legs, and an employee stuck both stickers on the box holding the chicken and handed it to Johnson. The employee observed Johnson walk over to the fountain drinks area, peel off one of the stickers, and place the sticker in his pocket. The employee informed her manager what she had observed. Johnson filled a fountain drink and walked to a register, where he paid for the drink and the chicken breast. He did not pay for the legs because he had removed that sticker from the box. After the manager confronted Johnson about his failure to pay for the chicken legs, Johnson exited the store and drove away with the chicken breast and chicken legs. He did not offer to pay for the chicken legs.

[3] The employee and manager phoned the police, and both individuals later identified Johnson from a photo array as the man who had stolen the chicken legs. On January 13, 2015, the State charged Johnson with class A

---

[1] Ind. Code § 35-43-4-2(a).

misdemeanor theft. Following a June 30, 2015, jury trial, the jury found Johnson guilty as charged. On July 6, 2015, the trial court sentenced Johnson to 365 days imprisonment, with 335 days suspended to probation. Johnson now appeals.

## Discussion and Decision

[4] Johnson's sole argument on appeal is that the evidence is insufficient to support his conviction. When reviewing the sufficiency of the evidence supporting a conviction, we will neither reweigh the evidence nor assess witness credibility. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). We will consider only the evidence supporting the judgment and any reasonable inferences that may be drawn therefrom, and we will affirm if a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.* To convict Johnson of class A misdemeanor theft, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally exerted unauthorized control over the property of another person, with the intent to deprive the other person of any part of its value or use. I.C. § 35-43-4-2(a).

[5] In this case, the record reveals the following evidence supporting Johnson's conviction:

- Johnson ordered a chicken breast and three chicken legs. Two price stickers were generated and an employee placed both stickers on the box before handing it to Johnson.
- The employee observed Johnson peel off one of the stickers and place it in his pocket.

- Johnson paid for the chicken breast but not the chicken legs and then exited the store with the chicken after being confronted. He did not offer to pay for the chicken legs.
- Both the employee and manager positively identified Johnson from a photo array as the man who had stolen the chicken.

This evidence is sufficient to support Johnson's conviction. His arguments to the contrary amount to a request that we reweigh evidence and assess witness credibility—a request we decline.

The judgment of the trial court is affirmed.

Bradford, J., and Pyle, J., concur.